IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMEN A. MILLER<br>12321 Palermo Drive.<br>Silver Spring, MD 20904<br><br>      Plaintiff,<br><br>v.<br><br>THE DISTRICT OF COLUMBIA<br>1350 Pennsylvania Ave., NW<br>Washington, DC 20004<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**
**(Discrimination in Employment)**

1. Benjamen ("Ben") Miller has dedicated his career to public education; first as a Social Studies teacher for more than a dozen years with the District of Columbia Public Schools (DCPS), and then for more than twenty-five years in service with the United States Department of Education. When Mr. Miller retired from his federal service he repeatedly applied for teaching positions with DCPS between 2009 and 2011, but was never even considered for employment despite his impeccable qualifications. Mr. Miller filed suit alleging that he was repeatedly denied employment in his chosen career because of his age, and that lawsuit was settled in January 2017 with DCPS making a substantial payment for his lost back pay. DCPS did not agree to hire Mr. Miller, but the settlement also did not foreclose his application for future positions.

2. Miller re-applied for employment with DCPS as an Assistant Principal in the spring of 2017. Again he presented outstanding credentials, but again DCPS did not hire him or

even offer him an interview or any serious consideration. Defendant's refusal to hire Miller because of his age violates local and federal law. Defendant has also retaliated against Miller for his protected complaints of discrimination, also in violation of local and federal law.

## Jurisdiction and Venue

3. This is an action under the Age Discrimination in Employment Act (ADEA) and the District of Columbia Human Rights Act (DCHRA) to remedy defendant's discriminatory refusal to consider or hire plaintiff for employment as an Assistant Principal in the District of Columbia Public Schools, because of his age, and in reprisal for his earlier lawsuit in this court challenging age discrimination. Plaintiff's claims arise under the DCHRA, D.C. Code §§ 2-1401.01 et seq., and the ADEA, 29 U.S.C. §§ 621, et seq., 626(c) and 630(b) and (i). This court has jurisdiction pursuant to 28 U.S.C. § 1332. Venue lies in this court as the unlawful employment practices challenged in this action took place in the District of Columbia.

## Parties

4. Plaintiff Ben Miller is a resident of the State of Maryland, born on September 16, 1941. He is currently seventy-six years old.

5. Defendant is the District of Columbia, an "employer" as defined by both laws at issue in this case.

## Facts

6. During the spring and early summer of 2017, DCPS posted vacancies for Assistant Principal positions within the school system, claiming to seek "talented and dedicated leaders who have the skills and experience to lead our schools and the desire to help transform DCPS into the highest performing urban school district in the nation – for all of our students." Ben Miller shared that goal, and had dedicated his entire career toward making it a reality.

7. Miller had taught in the DCPS schools system for over thirteen years, where he received outstanding performance appraisals and was elected to chair the social studies department. After successfully serving in DCPS, he spent more than twenty-five years in the U.S. Department of Education, where he developed expertise in national education policy and the evaluation of educational and civil rights programs. He earned several promotions during his federal career, and retired in September 2008 as a GS-15 Management Analyst -- the highest career position outside of the Senior Executive Service. Miller has earned a District of Columbia Teaching License at the highest possible licensing level (Regular II-A), and an Administrative Services Credential / K-12 Grade Level. He holds a B.A. degree in Sociology and two Masters degrees, one in Educational Administration, the other in Economics, and had completed specific course-work designed to train teachers for disadvantaged youths.

*Background Information Regarding Miller's Previous Litigation
Over Rejection for Positions between 2009 and 2012*

8. In April and July of 2009, the District of Columbia Public Schools (DCPS) issued advertisements for numerous vacant Teacher and School-Based Instructional Coach positions for the 2009-2010 academic school year, and invited eligible candidates to apply.

9. Miller was exceptionally well-qualified for both positions, and met and exceeded all published qualifications. He submitted an application through the District of Columbia Public School's standard on-line application process. In his application, Miller described his qualifications, including his thirteen years of credited service from 1964-1977 as a Social Studies teacher in the public schools in Washington, D.C., as well as his current educational and licensing credentials. On July 14, 2009 Miller received a confirmation that his on-line application had been received, "and will be reviewed as soon as possible."

10. Miller was 68 years old at the time of his application for this first round of teaching positions. DCPS officials involved in rejecting his application were aware of his age at the time of the events at issue in this case. Indeed, the application form specifically asked candidates for their date of birth; moreover, the official who informed Miller that his candidacy was rejected referred to the fact that his prior teaching experience (beginning roughly fifty years earlier) was too old to be relevant.

11. On July 23, 2009, Miller received a message rejecting his application for the positions, noting that "We have received a tremendous number of applications and the quality of the applications was extremely high, making this a difficult selection year. After careful consideration, we are unable to extend further consideration to your application."

12. On July 26, 2009, Miller wrote to the designated official from the DCPS Office of the Chancellor for responding to inquiries regarding the hiring process, and asked for a meeting to discuss the specific reasons why his qualifications for the position were not deemed to be sufficient for further consideration.

13. DCPS responded on July 27, 2009 in writing, and said that all of the available Social Studies teaching positions had already been filled. The official also falsely claimed that Miller did not possess a Master's degree in education, teaching or curriculum, which she contended was a qualification for the position. In fact, Miller possessed a Master's degree in Education, as his application readily disclosed. Moreover, it was only a Bachelor's degree (not a Master's degree) which was required for the position. She also contended that Miller did not otherwise meet the requirements for a D.C. Teaching license, even though Miller already possessed the highest available licensure, as was also disclosed in his application. Finally, DCPS discounted Miller's teaching experience as too old: "I can see from your resume that while you

taught in DCPS, it was a number of years ago and because the social studies process is so competitive, we are looking for individuals who have recent low-income urban teaching experience."

14. After receiving this written explanation (which included demonstrably false reasons for not finding him qualified), Miller spoke with the official about his candidacy for the position. After Miller confronted her about the flawed explanations in her letter, the official told Miller that DCPS was "seeking a greater balance of older and younger teachers" and that "DCPS was not ridding itself of all of its older teachers." These comments reflect that defendant was explicitly considering age as a factor in the hiring decisions.

15. Miller informed the DCPS official that her explanations for failing to include him in the best-qualified pool were wrong, and that he met every desired qualification for the positions. Miller also informed her and the EEO Specialist for the District of Columbia Public Schools, that he believed that he was not being considered for these positions because of his age, and asked for his application to be considered based on fair and objective credentials. Miller thereafter had follow-up communications with officials from the District's EEO function regarding his concerns about age-discrimination.

16. On August 3, 2009, the Coordinator of Recruitment and Selection from the Office of the Chancellor (and the first official's immediate supervisor) contacted Miller and advised him that he would be afforded a telephone screening interview. Although Miller repeatedly requested an interview, DCPS never afforded him one.

17. DCPS did not offer Miller employment in any of the 2009/2010 positions for which he had applied, and for which he was extremely well-qualified.

18. DCPS instead hired several applicants who were substantially younger than Miller

5

into the positions he applied for, who had no experience teaching, and who did not possess a standard renewable license or educational credentials comparable to Miller's.

19. In July 2010 Miller again applied for employment with DCPS as a Social Studies Teacher. As with his 2009 application, Miller met (and indeed exceeded) every objective qualification for the job. He should have been considered a highly-desirable candidate given his experience and credentials.

20. On February 4, 2011, DCPS rejected Miller's application, without affording him an interview. DCPS did not provide any explanation for its decision at the time, asserting that "due to the high volume of applications we receive, we are not able to re-evaluate or provide individual feedback on applications."

21. Miller again raised concerns that his application was not given fair or genuine consideration because of his age, and because he had previously raised concerns about discrimination with DCPS and with the EEOC (where a charge was pending at the time). On February 28, 2011 the DCPS Director of Labor and Management Relations responded to his internal complaint, contending that the *only* reason that Miller's application was not given further consideration was that "the reviewer of your application determined that your essays did not meet the rubric guidelines."

22. This purely subjective explanation was false, and a pretext for age discrimination and/or retaliation. Miller's responses to the essays were cogent and substantively sound. There was nothing contained in his responses that would warrant excluding him from further consideration. DCPS provided no further explanation for why his essays were deemed to be deficient, nor did it explain how his answers were inconsistent with "rubric guidelines."

23. As with his 2009 application, DCPS again hired several applicants who were substantially younger than Miller, and who had no experience teaching, or who did not possess a standard renewable license or educational credentials comparable to Miller's. Moreover, the essay responses from several of these applicants were poorly written, contained typographical errors and otherwise did not meet rubric guidelines.

24. Miller brought suit in this court in 2013 over DCPS's repeated age-based refusal to consider him for employment for which he was exceptionally well qualified, and his claims surpassed summary judgment and were set for trial in January 2017. Shortly before the trial, the parties entered into a non-confidential settlement agreement, which paid Miller $500,000 in resolution of his then existing claims. The settlement agreement did not foreclose Miller from applying for employment in the future.

***DCPS Refuses to Hire Miller for Vacant Assistant Principal Positions in the Summer 2017***

25. On May 28, 2017 Miller applied for vacant General Assistant Principal positions that had been posted on the DCPS website. The job announcement listed the required credentials as: "Either, (1) possesses at least a master's degree, (2) have spent two years or more in a full-time K-12 school based position, and (3) have earned a passing score on the School Leaders Licensure Assessment (SLLA) OR (1) possesses a bachelor's degree and (2) have completed a state-approved program in K-12 Leadership/Administration." Miller met each of these minimum qualifications. Indeed, as noted above, Miller presented a bachelor's degree and two master's degrees (one specifically in the field of education administration). These credentials, along with his certificate of having completed the K-12 Leadership/Administration program, were noted on his application. The announcement also identified "Personal Qualities of Top Candidates" as "Commitment to Equity," "Leadership," Focus on Data-Driven Results," "Innovative Problem

7

Solving," "Adaptability," "Teamwork," "Dependability," and "Communication and Customer Service Skills." Miller had demonstrated these qualities over more than 35 years of public service. He had demonstrated leadership as Chair of his social studies department; as a manager of federal employees and programs in the Department of Education, and as President of the union which represented department employees. In those positions, he regularly displayed innovative problem solving, teamwork, a focus on data driven results (for example, in the evaluation of the effectiveness of federal programs) dependability (he was regularly promoted and received superior performance appraisals), and his "commitment to equity" can be seen in his many years of service managing civil rights programs enforced by the department. Many of these traits and experiences were evident from his resume and application.

26. As part of the written application process Miller completed required essays which were error free, well-written and substantively sound.

27. DCPS was aware of Miller's approximate age, both by the dates listed on his application and by his previous applications and lawsuit, in which his birthday was disclosed.

28. Miller was informed that he had been placed into the pool of qualified applicants for generalist Assistant Principal positions. But DCPS did not thereafter afford Miller an interview, despite his exceptional qualifications.

29. DCPS did not offer Miller employment in any of the vacant Assistant Principal positions. DCPS has provided no explanation for these decisions.

30. Upon information and belief, DCPS hired several generalist Assistant School Principals for the 2017 academic school year who were substantially younger than Miller, and who had never raised concerns that defendant had in any way discriminated against them.

31. DCPS rejected Miller for the Assistant Principal positions because of his age

and/or because of his having raised allegations of age discrimination against defendant.

32. DCPS' age discrimination and/or retaliation against Ben Miller was willful and malicious and/or in reckless disregard of his rights under the law to be free from age discrimination.

33. The unlawful actions described above inflicted significant harm on Miller, including the denial of productive employment, financial harm, humiliation, emotional distress and loss of enjoyment of life.

### *Exhaustion of Administrative Remedies*

34. Miller timely filed a charge of discrimination with the EEOC, and the agency issued him a notice of right to sue. All prerequisites to suit have been satisfied, and this lawsuit is timely filed.

## **VIOLATIONS OF LAW**

### COUNT ONE
### (AGE DISCRIMINATION)

35. Paragraphs 1-33 are re-alleged. Paragraphs 7-24 are alleged merely as background evidence in support of Miller's 2017 claim.

36. Defendant rejected Miller for the positions of Assistant Principal in the summer of 2017 because of his age, in violation of the Age Discrimination in Employment Act and/or the DCHRA.

### COUNT TWO
### (REPRISAL)

37. Paragraphs 1-33 are re-alleged. Paragraphs 7-24 are alleged merely as background evidence in support of Miller's 2017 claim.

38. Defendant rejected Miller for the positions of Assistant Principal in the summer of

2017 because of his protected activity in violation of the Age Discrimination in Employment Act and/or the DCHRA.

WHEREFORE, Plaintiff requests that this Court:

1) Declare that Defendant has violated the law, and enjoin Defendant from any further acts of discrimination and/or retaliation against Plaintiff;

2) Order that Defendant hire plaintiff into the position of employment he was unlawfully denied in 2017, with all attendant back pay, benefits and privileges of his employment, retroactive to the date of his unlawful rejection, or to an equivalent position.

3) Award Plaintiff liquidated damages under the ADEA

4) Award Plaintiff compensatory damages under the DCHRA in an amount to be proven at trial;

5) If the Court determines, for whatever reason, not to place plaintiff into a position of employment with DCPS, then alternatively award Plaintiff front pay to compensate for his future financial loss;

6) Award Plaintiff the costs and reasonable attorneys' fees incurred in this action;

7) Award Plaintiff pre-judgment interest on all monetary sums requested above;

8) Award such other relief as the Court deems just.

## JURY DEMAND

Plaintiff requests trial by jury on all issues in this case.

/s/ Richard A. Salzman
Richard A. Salzman 422497
Heller, Huron, Chertkof
& Salzman
1730 M St., NW Suite 412
Washington, DC 20036
(202) 293-8090